# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JAMES P. ELLIS,<br>　　Petitioner, | Case No. 1:19-cv-805 |
| vs. | McFarland J.<br>Litkovitz, M.J. |
| WARDEN, MARION<br>CORRECTIONAL INSTITUTION,<br>　　Respondent. | **REPORT AND<br>RECOMMENDATION** |

　　Petitioner, an inmate at the Marion Correctional Institution in Marion, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1995 convictions for aggravated murder and aggravated burglary in the Hamilton County Court of Common Pleas Case No. B 94-3355. (Doc. 1). This matter is before the Court on respondent's Motion to Transfer to Sixth Circuit (Doc. 13) and petitioner's response in opposition (Doc. 14, *see also* Doc. 15).[1] For the reasons below, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a second or successive petition.

## BACKGROUND

　　Petitioner challenges his convictions for aggravated murder and aggravated burglary in the Hamilton County Court of Common Pleas Case No. B 94-3355. (Doc. 1, at PageID 1). As his sole ground for relief,[2] petitioner asserts that the trial court violated his rights to due process and

---

[1]Petitioner's opposition to respondent's motion to transfer appears inconsistent with his habeas corpus petition, which requests the Court to "forward [the petition] to Sixth Circuit for . . . 28 U.S.C. 2244 review" as an alternate form of relief. (Doc. 1, at PageID 33). Regardless of this inconsistency, petitioner's opposition to the motion to transfer is not well-taken for the reasons set forth herein.

[2]Although the petition also states: "Ground Two: see attached next pages," the petition does not contain a

equal protection by imposing a sentence that is contrary to law, "statutorily impossible to be served," and void. (Doc. 1, at PageID 17-25).

Petitioner has previously sought federal habeas corpus relief challenging the judgment in Case No. B 94-3355. In June 1997, petitioner filed in this Court a § 2254 petition for a writ of habeas corpus, challenging the same judgment on grounds that: (1) the prosecution failed to disclose evidence favorable to the defendant; (2) the trial court improperly admitted "other acts" evidence; (3) juror misconduct; and (4) his convictions were obtained through inconclusive and circumstantial evidence. *See Ellis v. Russell*, No. C-1-97-554 (S.D. Ohio) (Spiegel, J.). On January 25, 1999, this Court denied the petition, finding that Ground One was meritless, Ground Two was non-cognizable, Ground Three was procedurally defaulted and in any event lacked merit, and Ground Four was procedurally defaulted. (*See* Doc. 13-1, at PageID 214-21 (containing a copy of the Court's Jan. 25, 1999 Opinion and Order)). Petitioner did not seek further review in the Sixth Circuit.[3]

## ANALYSIS

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal court. For petitions filed after the first one—'second or successive' petitions in the language of the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a

---

second ground for relief. (*See* Doc. 1, at PageID 14).
  [3]It is well-settled that this Court may take judicial notice of its own records. *See Saylor v. United States*, 315 F.3d 664, 667-68 (6th Cir. 2003) (citation omitted); *United States v. Doss*, 563 F.2d 265, 269 n.2 (6th Cir. 1977); *Gross v. United States*, No. 06-cv-10551, 2006 WL 467909, at *1 n.1 (E.D. Mich. Feb. 27, 2006) ("A district court is permitted to take judicial notice of its own files and records in a habeas proceeding.").

claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (A) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (B)(i) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; **and** (ii) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).[4]

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.* The determination of whether a habeas application is second or successive, however, is committed to the district court in the first instance. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

"Not all second in time petitions are 'second or successive' petitions." *Picard v. Gray*, No. 1:18-cv-1672, 2018 WL 7888550, at *2 (N.D. Ohio Sept. 28, 2018) (Baughman, M.J.) (quoting *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017)), *adopted*, 2019 WL 1409548 (N.D.

---

[4]The statutory second or successive provisions apply in this case because the original habeas petition was filed in 1997, *after* the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Cress v. Palmer,* 484 F.3d 844, 852 (6th Cir. 2007); *see also In re Tibbetts*, 869 F.3d 403, 405, n.1 (6th Cir. 2017) ("This case does not raise any issues concerning the propriety of retroactively applying the gate-keeping provisions of the AEDPA to any pre-AEDPA conduct because Tibbetts's initial habeas petition was filed after AEDPA's effective date of April 24, 1996.").

Ohio Mar. 28, 2019) (Helmick, J.). "Where a new judgment intervenes between the two petitions, such as would occur with a resentencing following an appellate remand, the later petition challenging the new judgment, at least as far as it concerns the resentencing, is not a second or successive petition requiring approval from the appeals court." *Id*. (citing *Magwood v. Patterson*, 561 U.S. 320, 321 (2010)).

Petitioner seeks to avoid the requirements of § 2244(b) in this action by suggesting that the instant federal habeas petition is not successive because he is challenging a new, intervening judgment. (*See* Doc. 1, at PageID 16; Doc. 14, at PageID 225). After petitioner filed his first federal habeas petition, but before he filed the instant petition, petitioner sought post-conviction relief in the trial court. *See State v. Ellis*, No. C-180331, 2019 WL 3714814, at *1 (Ohio Ct. App. Aug. 7, 2019). In his post-conviction proceeding, petitioner "asserted that his consecutive sentences are void and thus unenforceable because he had been 'ordered' to serve his ten-to-25-year prison term after completing his life term, and that, in the absence of a lawful sentence, the judgment of conviction did not comply with Crim. R. 32(C)." *Id*. The trial court denied relief. *Id*. On August 7, 2019, the Ohio Court of Appeals also denied relief, finding that it lacked jurisdiction because there was no basis under Ohio law for petitioner's post-conviction proceeding. *Id.* The Ohio Supreme Court denied further review. *State v. Ellis*, 132 N.E.3d 716 (Ohio 2019) (table).

Petitioner asserts that the Ohio Court of Appeals' August 7, 2019 decision constitutes a new, intervening judgment. (*See* Doc. 1, at PageID 16; Doc. 14, at PageID 225). According to petitioner, the Ohio Court of Appeals amended his sentence by characterizing it as consecutive terms of "life without parole for aggravated murder and ten to 25 years, with ten years of actual

4

incarceration, for aggravated burglary,"[5] even though his judgment was silent as to his eligibility for parole and the Ohio Bureau of Sentence Computation computed his effective sentence as "30 to life." (*See* Doc. 1, at PageID 8-10; Doc. 2-6, at PageID 73 (containing a copy of the BOSC computation)).

Petitioner, however, has failed to establish that the Court of Appeals' August 7, 2019 decision constitutes an intervening judgment. The Ohio Court of Appeals determined that it lacked jurisdiction over the post-conviction appeal and did not make any findings to suggest that it was increasing or otherwise modifying petitioner's sentence.[6] At most, petitioner alleges an error in his post-conviction proceeding, which is not cognizable in federal habeas review because "errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d at 853.[7]

Accordingly, the undersigned concludes that petitioner's petition for a writ of habeas corpus is "successive" within the meaning of § 2244(b) because petitioner's prior habeas petition

---

[5] *See Ellis*, 2019 WL 3714814, at *3.

[6] The undersigned notes that the Ohio Department of Rehabilitation and Correction website continues to reflect petitioner's sentence as thirty years to life, and indicates that a parole hearing is set for February 2025. *See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A309704.

[7] Further, "a petition is not second or successive when it raises a claim that was unripe for review when the first habeas petition was filed." *In re Tibbetts*, 869 F.3d at 406 (citing *Panetti v. Quarterman*, 551 U.S. 930, 945-47 (2007)). However, courts have been careful to distinguish petitions containing unripe claims from those claims that are discovered after filing an initial petition. *See, e.g., Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) ("when discerning whether a second-in-time petition is successive, courts must be careful to distinguish genuinely unripe claims (where the factual predicate that gives rise to the claim has not yet occurred) from those in which the petitioner merely has some excuse for failing to raise the claim in his initial petition (such as when newly discovered evidence supports a claim that the petitioner received ineffective assistance of counsel); only the former class of petitions escapes classification as 'second or successive'"). *See also In re Sosa*, 391 F. App'x 472, 474 (6th Cir. 2010) ("Generally, a state prisoner may not bring a second federal habeas petition without permission from the court of appeals, even if the second petition raises claims that had not been exhausted at the time of the first habeas petition."). Petitioner has not established that the claims he raises in the sole ground for relief presented in the instant habeas corpus petition, which challenge the validity of his 1995 judgment of conviction, were unripe at the time he filed his initial habeas corpus petition.

5

was adjudicated on the merits[8] and petitioner is not contesting any "new judgment" in this proceeding. To the extent that petitioner's claims were raised in his prior petition, they are successive. *See* 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to posit a new claim that was not asserted in his prior petition, the claim is still successive under 28 U.S.C. § 2244(b)(2) because (1) petitioner has not shown it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (2) that the factual basis for the claim could not have been discovered previously through the exercise of due diligence, **and** such facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense.[9]

Because the instant habeas corpus petition is successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at *2-3 (S.D. Ohio Mar. 4,

---

[8]When a prior petition is dismissed on the basis of procedural default, it is a decision on the merits, rendering a subsequent application second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, courts have found second-in-time petitions to be successive where grounds in the first-in-time petition were dismissed as non-cognizable. *See Webb v. Steward,* No. 1:13-113-JDB-egb, 2013 WL 6780531, at *1-2 (W.D. Tenn. Dec. 19, 2013).

[9]Petitioner's "Actual Innocence" filing (Doc. 3) raises legal arguments regarding the sufficiency of the jury instructions and indictment and does not satisfy this standard.

2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16, 2015) (Economus, J.).

**IT IS THEREFORE RECOMMENDED THAT:**

Because this Court lacks jurisdiction in this matter involving a successive habeas petition, within the meaning of 28 U.S.C. § 2244(b), the petition be transferred pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for review and determination whether the district court may consider the successive claims for relief.

Date: 8/12/2020

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JAMES P. ELLIS,             Case No. 1:19-cv-805
    Petitioner,

vs.            McFarland J.
           Litkovitz, M.J.

WARDEN, MARION
CORRECTIONAL INSTITUTION,
    Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981The undersigned thus concludes that this is a successive petition.

8